# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EULA V. LASSITER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-415-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| **Commissioner of the Social** ) | |
| **Security Administration,** ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR COURT ORDER

The Plaintiff Eula V. Lassiter appealed the Commissioner's denial of social security benefits to this Court. On July 29, 2008, the Court granted the Commissioner's request to remand the case for additional administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). *See* Docket No. 17. On March 2, 2009, the ALJ issued a fully favorable decision awarding benefits to the Plaintiff pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. The Plaintiff now urges the Court to order the Commissioner to provided periodic status reports and a copy of the notice of award when issued. The Court finds that Plaintiff's Motion For Court Order Directing the Commissioner to Provide Status Reports and a Copy of the Notice of Award Issued on Remand [Docket No. 23] should be denied.

The Commissioner argues that the Plaintiff is seeking extraordinary relief without showing any need therefor, *i. e.*, there are other ways to obtain the information sought by the

Plaintiff that are less burdensome to the Commissioner, whose only official requirement is to provide the notice of award to the Plaintiff's administrative representative. *See* 20 C.F.R. §§ 404.1715(a), 416.1515(a) ("We shall send your representative . . . [n]otice and a copy of any administrative action, determination, or decision[.]"). The Commissioner recommends that a copy of the notice of award first be sought from that source, but suggests that if this proves futile, a copy of the notice of award *would be provided* to appellate counsel upon submission of a properly executed consent by the Plaintiff. *See*, *e. g.*, 20 C.F.R. §§ 401.100 (a) & (c) ("[W]e will not disclose your records without your written consent. . . . We will disclose only the information you specify in the consent. We will verify your identity and where applicable (e. g., where you consent to disclosure of a record to a specific individual), the identity of the individual to whom the record is to be disclosed.").

The Plaintiff does not describe the efforts she has made to obtain the information she is seeking, other than to say that her appellate attorneys have tried in vain to obtain copies of the notice of award in other cases under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). But a FOIA request is hardly the proper avenue for obtaining social security records, as they clearly fall within a statutory exception, *see* 5 U.S.C. § 552(b)(6) ("This section does not apply to matters that are . . . personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy[.]"), and disclosure of the notice of award in particular would be forbidden by the Privacy Act of 1974, absent written consent by the Plaintiff in any event. *See* 5 U.S.C. § 552a(b) ("No

agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains[.]"). *See also* 20 C.F.R. §§ 402.100 (a) & (c) ("We may withhold records about individuals if disclosure would constitute a clearly unwarranted invasion of their personal privacy. . . . Examples [include] social security numbers; medical information about individuals who have filed a claim for disability benefits; *names and addresses of individual beneficiaries of our programs, or benefits such individuals receive*; earnings records, claim files, and other personal information [the Social Security Administration] maintains.") [emphasis added].

To be sure, both the Plaintiff's appellate attorneys *and the Court itself* will require a copy of the notice of award (or at least a full accounting of the contents thereof) in order to finalize the proceedings in this case, *e. g.*, to resolve the issue of attorneys' fees under 42 U.S.C. § 406(b), and the Commissioner is already obliged to provide the Plaintiff with the notice of award in the context of the administrative proceedings. But it seems unreasonable to impose upon the Commissioner an additional obligation to produce the notice of award in the context of these court proceedings until it has been demonstrated: (i) that the Plaintiff cannot herself produce the notice of award issued by the Commissioner in the administrative proceedings, or obtain a copy from her administrative representative; and (ii) that the Commissioner will not honor what he seems to be promising herein, *i. e.*, to produce a copy of the notice of award for appellate counsel upon receiving a properly executed consent from

the Plaintiff. Thus, the Plaintiff's Motion For Court Order Directing the Commissioner to Provide Status Reports and a Copy of the Notice of Award Issued on Remand [Docket No. 23] is hereby DENIED.

**IT IS SO ORDERED** this 28th day of July, 2009.

 /s/ Steven P. Shreder

 **STEVEN P. SHREDER**
 **UNITED STATES MAGISTRATE JUDGE**